UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARMANDO DANIEL CALDERON,

    Defendant.

No. CR 18-00290-7 WHA

**ORDER RE USA MIL NO. 1**

The government moves to admit co-conspirator statements of defendant's cousin, Eric Jimenez. The motion is **GRANTED IN PART AND DENIED IN PART.**

The defense has objected only to state that independent evidence of the conspiracy must exist outside the statements themselves. The government filed additional statements by defendant that provide some independent support for the conspiracy.

The government has met its burden under FRE 801(d)(2)(E) with respect to the bulk of co-conspirator Eric Jimenez's statements (Dkt. No. 266-1). The object of the conspiracy was distribution of methamphetamine to another, specifically to a confidential source (CS). Substantial independent evidence of the conspiracy to distribute methamphetamine appears throughout the roughly 200 pages of transcripts that the government introduces. This independent proof emerges most strongly in the statements from September 11, 2018. In that exchange, Jimenez called defendant and defendant himself joined Jimenez and the CS for a meeting to discuss a methamphetamine sale (Dkt. No. 266-1, Exh. 8).

Parties do not contest that Jimenez made these statements during the conspiracy's course. And, most of Jimenez's proffered statements discuss future events. Specifically, Jimenez appears to be planning the methamphetamine sale by discussing meetings, prices, and the like. They furthered the conspiracy. *See United States v. Bowman*, 215 F.3d 951, 961 (9th Cir. 2000). Thus, these statements fit the co-conspirator statement exception to the rule against hearsay, FRE 801(d)(2)(E) (Dkt. 266 at 3).

The over 200 pages of transcripts that the government seeks to admit in its initial MIL disclosure, however, grossly over-include irrelevant statements. Long stretches did nothing to further the conspiracy. The statements covered unrelated topics, or manufacture, which does not fall within the conspiracy, as alleged. Nor has the government specifically justified under FRE 801(d)(2)(E) any *actual* statement; it merely spends two or so pages describing the contours of lengthy conversations largely between Jimenez and the CS (MIL 3-4).

Thus, the following fall outside the FRE 801(d)(2)(E) exception. With respect to the below statements, the motion is **DENIED**. The excluded statements are comprised of the listed pages/portions noted and all statements in between (*i.e.* inclusive).

| Dkt. Location | Portion | Notes |
|---|---|---|
| Dkt. No. 266-1 at 99–107 | Page 99 (in its entirety) through "How, how have I worked? I've never gotten out a lot" (107). | |
| Dkt. No. 266-1 at 108–109 | Beginning with "Over there, in Redwood City . . ." through "He could, he could come with the owner of things, but no . . ." (109). | |
| Dkt. No. 266-1 (Exh. 5) at 27 | Whole page. | This text message thread may be admitted subject to authentication, foundation, and objection. |
| Dkt. No. 266-1 at 111–118 | All pages. | |

| | | |
|---|---|---|
| Dkt. No. 266-1 at 146–57 | Beginning with, "So, uh, to clean it" (146) and ending at "The whole world is waiting" (157). | |
| Dkt. No. 266-1 at 157–58 | Beginning with, "So that's how you clean it . . . (157) through, "You'll just take, take a fucking week doing that" (158). | |
| Dkt. No. 266-1 at 159–64 | Beginning with, "I've done up to twenty kilos" (159) through, "Cook what? To make it into rock?" (164). | |
| Dkt. No. 266-1 at 167–68 | Beginning with, "No, no well who, nobody buys like this. . ." (167) through, "There are always people" (168) | |
| Dkt. No. 266-1 at 189–92 | Beginning with, "Maybe they are cleaning them" (189) through, "I don't know … all the time" (192). | |

The remainder may be admitted, subject to further objection. To be clear, if the defense wishes to object before trial to any portion of the remaining, it should do so.

**IT IS SO ORDERED.**

Dated: May 25, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE